**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**SHERMAN JONES, #19450**

        **Petitioner,**

**v.**                                            **2:05CV519**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I.   STATEMENT OF THE CASE**

**A.   Background**

On November 7, 2002, in the Circuit Court of Chesterfield County, Virginia, petitioner was convicted of petit larceny (third offense), two counts of forging public records, and one count of eluding police. Petitioner was sentenced to five years imprisonment with four years suspended on the petit larceny charge, and sentence on the remaining charges was suspended for a period of twenty years. Petitioner appealed his conviction in the Virginia Court of Appeals, but on March 7, 2003, the court dismissed the appeal for failure to file the transcripts in a timely manner.

On February 10, 2004, in the Circuit Court of Chesterfield County, a show cause hearing was held, at which time petitioner's

suspended sentences were revoked, due to violation of the terms of the suspended sentences. Petitioner was sentenced to four years imprisonment on the petit larceny conviction, but the court resuspended three years of the sentence. The court also resuspended imposition of sentence on the remaining charges for a period of twenty years.

On June 1, 2005, the Circuit Court held a second show cause hearing and once again found petitioner in violation of the terms of his suspended sentence. Petitioner was sentenced to serve three years imprisonment for the petit larceny conviction, but the court once again suspended the imposition of sentence on the remaining charges for a period of twenty years.

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging: (1) that his January 23, 1996 conviction was used to enhance his conviction from a misdemeanor to a felony and should not have been admitted because it did not bear petitioner's date of birth, social security number, or address; and (2) that petitioner's attorney was ineffective because he failed to timely file petitioner's appeal. On August 3, 2005, the Supreme Court dismissed the petition pursuant to the statute of limitations.

On September 1, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on November 18, 2005, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Petitioner's conviction of January 23, 1996, should not have been introduced into evidence at trial because it did not bear his "date of birth, social security number, or address"; and

2

  2. Ineffective assistance of trial counsel because counsel failed to file petitioner's trial transcripts in a timely fashion, which resulted in the dismissal of his appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

3

>     merits in State court proceedings unless the adjudication of the claim--
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

>     (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to

>    the judgment of a State court shall not be granted unless it appears that--
>
>    (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)   there is an absence of available State corrective process; or
>
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    . . . .
>
>    (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C.  The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).  With the passage of the AEDPA, several modifications were made to habeas corpus law.  Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).  However, the

AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In this case, judgement was entered against petitioner in the Circuit Court of Chesterfield County on November 7, 2002. Following his conviction, petitioner filed an appeal in the Virginia Court of Appeals, which was dismissed on March 7, 2003. Petitioner did not pursue his direct appeal any further, therefore, his state conviction became final March 7, 2004. Accordingly, petitioner had one year from March 7, 2004, to file his federal habeas petition. 28 U.S.C. §2244(d)(1)(A).

Petitioner is entitled to exclude the time during which "a properly filed application for state post-conviction or other collateral

review . . . is pending . . ." 28 U.S.C. §2244(d)(2). However, petitioner did not file his state habeas petition until June 29, 2005, more than two years after his state court judgment became final. Therefore, petitioner has exceeded the one year period of limitation for filing a federal habeas petition. The petition is time barred and should be DISMISSED.

### D.  Equitable Tolling Language

Having found that petitioner's federal habeas petition is time barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period.

In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d), is analogous to a statute of limitations rather than a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 317-72 (4th Cir. 1998). Thus, under the appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). See Harris, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." Id. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a plaintiff is prevented from asserting his claims by egregiously wrongful conduct on the part of the defendant, and (2) where extraordinary circumstances beyond plaintiff's control made filing

impossible. Id. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

In this case, petitioner was not prevented from asserting his claims by egregiously wrongful conduct on respondent's part. Respondent did not prevent petitioner from filing his habeas petition at an earlier date. In addition, extraordinary circumstances beyond petitioner's control did not make filing impossible. Petitioner was not denied legal access the entire year following the conclusion of his direct appeal, he could have ascertained the status of his direct appeal, and he could have filed a state habeas petition during that time. Petitioner's claims do not fall into either of the two circumstances under which the doctrine of equitable tolling is available.

### E. Procedural Default

Even if the petition was not time barred, petitioner's claims are procedurally defaulted. Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the
> trial court or the commission before which the case
> was initially tried unless the objection was stated

8

> with reasonable certainty at the time of the ruling
> . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

9

doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed. Petitioner did not raise either of his claims on direct appeal, therefore they are procedurally defaulted and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court

10

decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140


(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                       **/s/**
                                         **James E. Bradberry**
                                         **United States Magistrate Judge**

**Norfolk, Virginia**

    **February 9**, **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Sherman Jones, #347321, <u>pro se</u>
    Haynesvile Correctional Center, Unit 17
    P.O. Box 39
    Haynesville, VA  22472


    Michael T. Judge, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                            Elizabeth H. Paret, Clerk


                            By _____
                                       Deputy Clerk

                           _____, 2006